UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DERRICK S. WALKER,  )  <br>    Plaintiff,  )  <br>  )  <br>v.  )  <br>  )  <br>E. WALTERS *et al.*,  )  <br>    Defendants.  )  | Case No. 25-1168 |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed by Plaintiff Derrick Stephen Walker, an inmate at Federal Correctional Institution Pekin ("FCI Pekin"). Plaintiff has also filed Motions for Counsel (Doc. 5), Regarding Mail (Doc. 6), and for Status (Docs. 7, 8, 10).

**I.    Complaint**

**A. Screening Standard**

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that

is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff names the following officials as Defendants: Wardens E. Walters and K. Bennett; Assistant Warden N. McDowell; Physicians Lisa Dodds and Moats; Physician Assistant Johnson, Psychologists Bruessel, Chakos, and Gomory; and Health Service Administrators Brown and T. Steketee.

On October 24, 2023, Defendant Chakos diagnosed Plaintiff with an opioid use disorder and "mandated" that Plaintiff participate in the Medication Assisted Treatment ("MAT") Program to treat his disorder. (Pl. Compl., Doc, 1 at 5.) On January 21, 2025, Defendant Dodd, who Plaintiff describes as an employee at the North Central Regional Office, which is located in Kansas City, Kansas, prescribed Suboxone and "listed Plaintiff as priority for participation and treatment in the MAT program." (*Id*. at 5.) On February 5, 2025, Defendant Steketee screened Plaintiff for the MAT program by ordering an electrocardiogram, labs, and X-rays. Plaintiff notes that, at the time Steketee examined him, he had been waiting over 15 months to start the MAT program. Plaintiff alleges constitutional violations based on this delay. (*Id*. at 4.)

**C. Analysis**

Plaintiff's complaint proceeds under *Bivens v. Six Unknown Fed. Narcotics Agents*, which holds that a victim can seek damages in federal court for constitutional violations committed by federal officers. 403 U.S. 388, 396 (1971); *see also Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) ("*Bivens* … recognized for the first time an implied right of action for

damages against federal officers alleged to have violated a citizen's constitutional rights.") (internal quotation marks omitted).

In *Ziglar v. Abbasi*, the Supreme Court explained that it applied *Bivens* in only three constitutional contexts: (1) Fourth Amendment unreasonable searches and seizures, (2) Fifth Amendment Due Process claim for gender discrimination, and (3) Eighth Amendment deliberate indifference to medical needs. 582 U.S. 120, 130-31 (2017) (citing *Bivens*, 403 U.S. at 397, *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has since "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity[,]" which the Supreme Court has refused to extend for decades. *Ziglar*, 582 U.S. at 135 (collecting cases where the Supreme Court has declined to extend *Bivens* to any new context or new category of federal defendants).

Specifically, the Supreme Court held that because *Bivens* created a judicial remedy for damages against federal employees rather than a legislatively created remedy such as 42 U.S.C. § 1983, a federal court should not expand *Bivens* unless special circumstances exist. *Id.* at 137.

Plaintiff's overarching claim alleges Eighth Amendment violations based on his delay in receiving MAT treatment. (Pl. Compl., Doc. 1 at 5.); *see also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."). In support of his claim, Plaintiff cites an exhibit appended to his pleading, which spans twenty-five pages, claiming that the enclosed email correspondences demonstrate that Defendants Bennett, Brown, Bruessel, Chakos, Dodds, Gomory, Johnson, McDowell,

Moats, Steketee, and Walters "have long ignored and neglected treatment of his substance abuse …." (*Id*. at 6.)

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective component, a plaintiff must demonstrate that his medical condition is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* In the medical care context, a "deliberate indifference" standard is used. *Estelle*, 429 U.S. at 104. A plaintiff may establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In other words, Plaintiff's complaint must contain more than "highly generalized factual allegations. *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013). Instead, a pleading must contain "enough specific factual allegations to state a plausible claim" against the identified individual, who allegedly committed the unconstitutional conduct. *Id*. In other words, there must not be any "genuine uncertainty regarding who is responsible for

Page **4** of **8**

what." *Id*. at 710; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

A review of Plaintiff's exhibits does not provide facts that show or permit the inference that Defendants engaged in deliberate indifference by delaying Plaintiff's admission to the MAT treatment program. For example, Plaintiff's exhibit contains sixteen pages of emails he sent through the "Trulincs" system addressed to Brown, Bruessel, Gomory, McDowell, Moats, Phychology, Skeketee, and "Warden," which Plaintiff has annotated as receiving no response or contain responses acknowledging Plaintiff's requests but explaining the long approval process, which was complicated by physician personnel shortages.

Plaintiff's correspondences are not addressed to Defendants Bennett, Chakos, Dodds, Johnson, or Walters. Even if they were, it would be insufficient to state a claim for deliberate indifference without additional facts that show they were in a position to correct the delay, which they consciously ignored, intending to inflict cruel and unusual punishment prohibited by the Eighth Amendment. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (concluding that liability does not extend to "everyone who knows about a prisoner's problems").

Furthermore, Plaintiff's account shows that in October 2023, Defendant Chakos diagnosed Plaintiff with an opioid use disorder and ordered Plaintiff's participation in the MAT Program. In January 2025, Defendant Dodd listed Plaintiff as a priority admission for MAT treatment, and, in February 2025, Defendant Steketee screened

Plaintiff for the MAT program by ordering appropriate diagnostic medical testing. These facts are insufficient to show that Chakos, Dodd, or Steketee was deliberately indifferent to Plaintiff's medical condition.

Thus, Plaintiff's complaint is dismissed because it fails to state a plausible claim for relief. However, the Court grants Plaintiff leave to file an amended complaint. If Plaintiff elects to file an amendment, that filing must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. Plaintiff's Amended Complaint must stand independently without reference to his initial filing and contain all claims against all defendants. In other words, Plaintiff's amended pleading must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

## II.    Mail, Counsel, and Status

Plaintiff filed a Motion (Doc. 6) explaining that FCI Pekin mail room staff are "opening, screening, copying, and delivering" his legal mail, which is being delivered five to forty-five days late. "An inmate's legal mail … is entitled to greater protections because of the potential for interference with his right of access to the courts." *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). "Thus, when a prison receives a letter for an inmate … marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the

...

inmate's presence." *Id*. at 686. However, isolated incidents of opening a prisoner's legal mail outside of his presence generally do not violate the Constitution, absent a detrimental effect on the prisoner's "access to justice." *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805 (7th Cir. 2010). Prison officials, however, may open mail outside the prisoner's presence when the letters "either are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy." *Guajardo-Palma*, 622 F.3d at 806.

Plaintiff requests an annotation on all future correspondence sent from the Clerk of the Court to Plaintiff, indicating legal mail to be opened in Plaintiff's presence, which the Court declines to direct. If Plaintiff believes FCI Pekin's actions violate his constitutional rights regarding his legal mail, he may file a new pleading alleging that deprivation.

With the entry of the Court's Order, Plaintiff's Motions for Status (Doc. 7, 8, 10) are moot. Plaintiff's Motion for Counsel (Doc. 5) remains pending until further order of the Court.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion (Doc. 6) is DENIED.**

2) **Plaintiff's Motions for Status (Docs. 7, 8, 10) are MOOT given the Court's Order.**

3) **Plaintiff's Complaint (Doc 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

4) **The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case**

**without prejudice.**

ENTERED January 26, 2026.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
