E-FILED
Wednesday, 20 May, 2026  11:54:47 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DERRICK STEPHEN WALKER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1168 |
| | ) | |
| E. WALTERS *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 16) filed by Plaintiff Derrick Stephen Walker, an inmate at Federal Correctional Institution Pekin ("FCI Pekin"). Plaintiff has also filed a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 17) and a Motion for Counsel (Doc. 19).

## I.    Background

Plaintiff's initial pleading alleged delays participating in the Medication Assisted Treatment ("MAT") Program to treat his opioid use disorder. (Pl. Compl., Doc. 1 at 5.) The Court dismissed Plaintiff's Complaint, concluding his generalized factual allegations were insufficient to state plausible claims against each of the eleven individuals identified. (Doc. 12.) Despite the dismissal, the Court granted Plaintiff thirty days to file an amended pleading, which he has timely filed.

## II. Amended Complaint

### A. Screening Standard

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires screening of the pleading to dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

The caption of Plaintiff's Amended Complaint identifies the following Bureau of Prisons ("BOP") officials as Defendants: Assistant Health Service Administrator J. Brown, Physicians Lisa Dodd and Alma Martija, Regional Director of the North Central Region Andre Matevousian, Assistant Warden N. McDowell, Registered Nurse T. Schumm, Physician Assistant D. Smith, and Health Service Administrator Tabra Steketee.

Because Plaintiff presents his factual account as three "issues," the Court will segregate them as well.

### 1. Issue One

On October 24, 2023, Psychologist Chakos diagnosed Plaintiff with an opioid use disorder and recommended his participation in the MAT Program at FCI Pekin. (Pl.

Compl., Doc, 1 at 5.) On January 21, 2025, Defendant Dodd, a physician assigned to the Bureau of Prisons ("BOP") North Central Regional Office, located in Kansas City, Kansas, conducted a telehealth evaluation of Plaintiff. Dodd ordered a medical evaluation that included an Electrocardiography ("EKG"), X-rays, and laboratory tests, noting that after receiving medical clearance, Plaintiff "will be placed on 'priority' list to start the MAT program. (*Id.*) Plaintiff claims Defendant Schumm was the "provider," who conducted an "[e]valuation in conjunction with [Defendant] Dodd's telehealth visit with [Plaintiff]." (*Id.*) Plaintiff notes that Dodd concurred with Schumm's assessment that Plaintiff's chief complaint was "General." (*Id.*)

Plaintiff asserts the aforementioned factual synopsis was the "[f]irst medical order by a physician regarding [his] medical treatment ignored and/or delayed by BOP staff." (*Id.*) In this regard, Plaintiff stated that the "excuses" range from deficiencies in staff and facility, and [Plaintiff's] expected length of incarceration of [forty-five] years.[1] (*Id.*)

### 2. Issue Two

On February 6, 2025, Defendant Dodd documented that Plaintiff's EKG was performed on February 5, 2025, and was completed and co-signed by Defendant Dodd. As a result of Plaintiff's EKG, which Plaintiff claims was abnormal, he was placed on a cardiology consult. (*Id.*) Based on this factual synopsis, Plaintiff asserts that this was the "second medical order by a physician regarding [his] medical treatment ignored and/or delayed by BOP staff." (*Id.* at 6.)

---

[1] Plaintiff's release date is May 27, 2058. Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 8, 2026) (listing Plaintiff release date as May 27, 2058).

**3. Issue Three**

On December 2, 2025, Defendant Schumm documented a second abnormal EKG, noting that "in-house cardiology not available, consult to be changed to off-site evaluation, EKG obtained, [Plaintiff] denies any complaints at this time." (*Id.*) Based on this factual synopsis, Plaintiff asserts that this was the "third medical order by a physician regarding [his] medical treatment ignored and/or delayed by BOP staff." (*Id*. at 6.)

**D. Analysis**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16) is granted.

Plaintiff's complaint proceeds under *Bivens v. Six Unknown Fed. Narcotics Agents*, which holds that a victim can seek damages in federal court for constitutional violations committed by federal officers. 403 U.S. 388, 396 (1971); *see also Hernandez v. Mesa,* 582 U.S. 548, 553 (2017) ("*Bivens* … recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.") (internal quotation marks omitted).

In *Ziglar v. Abbasi*, the Supreme Court explained that it applied *Bivens* in only three constitutional contexts: (1) Fourth Amendment unreasonable searches and seizures, (2) Fifth Amendment Due Process claim for gender discrimination, and (3) Eighth Amendment deliberate indifference to medical needs. 582 U.S. 120, 130-31 (2017) (citing *Bivens*, 403 U.S. at 397, *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)).

The Supreme Court has since "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity[,]" which the Supreme Court has refused to extend

for decades. *Ziglar*, 582 U.S. at 135 (collecting cases where the Supreme Court has declined to extend *Bivens* to any new context or new category of federal defendants). Specifically, the Supreme Court held that because *Bivens* created a judicial remedy for damages against federal employees rather than a legislatively created remedy such as 42 U.S.C. § 1983, a federal court should not expand *Bivens* unless special circumstances exist. *Id*. at 137.

In denying Plaintiff's initial pleading, the Court provided Plaintiff the following guidance:

> If Plaintiff elects to file an amendment, that filing must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. Plaintiff's Amended Complaint must stand independently without reference to his initial filing and contain all claims against all defendants. *In other words, Plaintiff's amended pleading must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

(Mer. Rev., Doc. 12 at 6) (emphasis added).

Despite the Court's guidance, the facts Plaintiff alleges in his amended pleading do not provide the requested information to establish a constitutional violation under any of the three causes of action mentioned in *Zieglar*. In this regard, the Court notes that in his prayer for relief, Plaintiff requests compensatory and punitive damages against FCI Pekin's "medical staff" for the failure to treat Plaintiff's abnormal EKG results and for the denial or delay in receiving MAT treatment. (Pl. Compl., Doc. 1 at 5.)

However, Plaintiff does not provide any facts that establish or permit the inference that any of the Defendants he identified were personally responsible for the claimed deprivations as the Court instructed. Indeed, aside from noting his abnormal EKG results, Plaintiff does not identify a specific medical professional who personally failed to provide treatment as Plaintiff contends. Indeed, Plaintiff's only account is that when his second EKG produced abnormal results, Defendant Schumm referred Plaintiff for an off-site cardiology evaluation. Additionally, the reasonable inference to be drawn from Plaintiff's account is that he was ineligible for the MAT program given his EKG results.

Consequently, Plaintiff's amended pleading is dismissed because it fails to state a plausible claim for relief. However, the Court grants Plaintiff a final extension to file a second amended pleading. If Plaintiff elects to file an amendment, that filing must comply with the Court's earlier quoted guidance. Failure to do so will result in the dismissal of Plaintiff's lawsuit for failure to state a claim for relief.

Plaintiff's IFP Petition (Doc. 17) is moot as this Court approved Plaintiff's initial IFP Petition (Doc. 3) and imposed a partial filing fee, which Plaintiff has paid. Plaintiff's Motion for Counsel (Doc. 19) remains pending until further order of the Court.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's IFP Petition (Doc. 17) is MOOT.**

2) **Plaintiff's Motion for Leave to File and Amended Complaint (Doc. 16) is GRANTED.**

3) **Plaintiff's Amended Pleading is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

4) **The Court GRANTS Plaintiff leave to file a second amended pleading within**

**thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED May 20, 2026.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE